IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFAX COUNTY SCHOOL BOARD,<br><br>Defendant. | Civil Action No._____ |

## COMPLAINT

For his complaint against defendant Fairfax County School Board for violating his Constitutional rights to due process and freedom of speech as well as his rights under Title IX of the Education Amendments of 1972, plaintiff John Doe[1] states as follows:

### The Parties and Jurisdiction

1. Plaintiff John Doe ("Doe") was a student at Robinson Secondary School ("Robinson"), located in Fairfax County, Virginia. He is 18 years old.

2. Defendant Fairfax County School Board ("Board") is vested with the authority to supervise the public schools of Fairfax County, Virginia.

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

---

[1] "John Doe" is not the Plaintiff's real name. Due to the nature of the allegations in this lawsuit, and because many of the witnesses referenced in this complaint are minors, Mr. Doe is proceeding under pseudonyms to protect his privacy and out of fear of retaliation. He is also using pseudonyms to protect the minors involved in this case. In using pseudonyms, Mr. Doe relies upon the factors set out in *Co. Doe v. Pub. Citizen,* 74 F.3d 246 (4th Cir. 2014). A motion to proceed under a pseudonym is forthcoming.

1

plaintiffs' claims arise under federal law – the United States Constitution, 28 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88.

## The Facts

4. Doe is a high school senior. Until January 10, 2019, he was studying at Robinson Secondary School. He has a 3.2 grade point average and was active on his school's wrestling team. He is a state champion wrestler and was also recognized as an All American. Through his academic and wrestling achievements, he was awarded admission and a scholarship at a prestigious University; he is currently set to matriculate in the autumn of 2019.

5. During the current 2018 to 2019 school year, Doe befriended a female student ("Student A"), who was new to Robinson.

6. Doe and Student A had classes together and would see each other at school outside of class. Doe flirted with Student A, which included friendly conversations, putting his arm around her and playfully poking her in class. Student A did not reject these overtures. In fact, she would often seek out Doe's company.

7. On December 6, 2018, another male student ("Student B") slapped Student A on her buttocks. Doe was present when this occurred but video surveillance of the incident conclusively shows that Doe did not take part in the slapping of Student B.

8. After being assaulted by Student B, Student A filed a complaint with a school administrator, accusing Doe and Student B of sexual harassment. The accusations included the assault by Student B and allegations of sexual harassment by Doe. An investigation was initiated by Travis Hess, an assistant principal at Robinson.

9. When confronted with the allegations against him, Doe denied ever harassing Student B but was nonetheless suspended from school because of the allegations against him.

10. Other female students, who were friends of Student A, colluded with each other and Student A; they made false statements about Doe as part of Hess's investigation.

11. The investigation was limited and inadequate. Hess failed to interview all of the important witnesses, such as other students who were in the hallway at the time of the slapping incident, and failed to give Doe an opportunity to respond fully to all the allegations against him.

12. One of the female witnesses later recanted part of her story to Hess.

13. Additionally, one of the female witnesses contradicted the statement she made to Hess in text messages sent to another student, which exculpated Doe.

14. Thus, the parties to the dispute disagreed as to the material facts, making the credibility of the various witnesses essential to resolving the dispute of whether Doe sexually harassed or inappropriately touched Student A.

15. Robinson administrators referred Doe to the Board's hearing office for an adjudication of the complaint against him.

16. Robinson Principal Matthew Eline drafted a letter informing Doe's parents (at the time, Doe was still a minor) of the suspension and providing notice of the charges against Doe. The letter was dated December 10, 2018, but not mailed until December 18, 2018, as shown by the postmark. It was not received until December 20, 2018, the day before the hearing.

17. The hearing commenced on December 21, 2018 at 10:00 a.m. and, as a result, the notice provided Doe with an inadequate opportunity to prepare for the hearing (just a single day after his parents received the notice).

18. The hearing was conducted by Lisa Forrest, a hearing officer for the division superintendent.

19. At the hearing, neither Doe nor anyone on his behalf was allowed to question his accusers or the witnesses against him.

20. The hearing officer found the witnesses against Doe to be credible without hearing their testimony. Indeed, none of the witnesses against Doe even attended the hearing. Instead, Ms. Forrest determined the credibility of these witnesses based on the second-hand testimony of Principal Eline and Assistant Principal Hess.

21. Assistant Principal Hess gave a second-hand account of the statements of the witnesses against Doe. He represented that these witnesses were credible, even though at least one witness had recanted part of her testimony. His representation to the hearing officer on the credibility of witnesses was inaccurate.

22. The hearing was governed by the Board's Student Rights and Responsibilities handbook ("SR&R") and should have also been governed by the Board's duties under the United States and Virginia Constitutions and other relevant statutes, including Title IX of the Education Amendments of 1972. The hearing procedures are attached as Exhibit 1.

23. The SR&R is woefully inadequate for a host of reasons: (a) it does not provide for a presumption of innocence; (b) it does not provide a hearing officer with any

standard of review for deciding whether or not a student violated the student code of conduct; (c) it does not provide any meaningful opportunity for a hearing officer to decide whether the witnesses against an accused student are credible; (d) it does not provide accused students with an adequate opportunity to challenge the evidence against them; (e) it has no method of allowing accused students to cross-examine the witnesses against them, either directly or indirectly; (f) it defines sexual harassment vaguely and inconsistently with the law, *see* Exhibit 2 at 5; (g) it defines improper touching vaguely and is enforced in such a way as to make it inconsistently and disproportionally enforced against male students, *see* Exhibit 3.

24. On January 10, 2019, hearing officer Forrest sent Doe's parents a letter explaining that she had found that Doe had violated the SR&R and that he would be reassigned to Mountain View High School ("Mountain View") for the remainder of his senior year. Mountain View is an alternative educational setting and offers substantially fewer educational and extra-curricular opportunities for Doe.

25. In her decision, Ms. Forrest discounted Doe's testimony without cause and failed to properly consider the evidence that he offered at the hearing.

26. Ms. Forrest ordered that Doe be enrolled at Mountain View as a probationary student for the remainder of his senior year. Consequently, he will not be able to attend sports activities, including wrestling. This will likely cause Doe to lose his college scholarship and perhaps even his college admission. Doe will also not be able to attend graduation activities. Indeed, Doe has even been denied admission to another high school outside of the Fairfax County Public Schools because of Ms.

Forrest's finding against him.

27. Ms. Forrest's decision that Doe sexually harassed a female student will substantially interfere with any further college applications by Doe. For instance, while many colleges and universities no longer ask a student if he or she has been convicted of a crime when deciding admissions, they often still ask about instances of student discipline, the existence of which dramatically decreases chances of acceptance.

28. Defendant has caused and is causing irreparable damage to Doe's reputation, education, and future learning opportunities.

## COUNT I
### (Violation of Title IX)

29. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30. Defendant receives federal funding.

31. Because it receives federal funding, defendant is subject to the requirements of Title IX of the Education Amendments of 1972, as codified in 20 U.S.C. § 1681, *et seq.*, ("Title IX").

32. Title IX prohibits discrimination in the education setting based on a student's gender. Unlawful gender discrimination also occurs when a high school disciplines a student based on improper assumptions about gender roles.

33. Defendant treated Doe differently due to his gender when he was punished for sexual harassment.

34. Male students in Fairfax County Public Schools are treated disproportionately

harsher for accusations of sexual harassment, improper touching, or other sexual misconduct as compared to female students.

35. For instance, if a male student and female student are both engaged in mutual sexual contact on school grounds, it is common for the male student to be punished and for the female student not to be punished, based on gender.

36. Likewise, when male and female students touch each other in flirtatious but non-sexual ways, it is common that a male student will be punished and a female student will not be punished.

37. In this case, Doe was treated more harshly and punished because he was a male student; a female student in a similar position would not have been punished.

38. Moreover, defendant acted in the shadow of (1) Office of Civil Rights ("OCR") investigations into how schools handle allegations of sexual assault; and, (2) innumerable reports covered in the national media that suggest the pervasive nature of sexual assault committed by male students on campuses throughout the nation. As a reaction to the scrutiny of these OCR investigations and national stories, and in order to be perceived as aggressively addressing the perceptions that sexual assault against female students is rampant on campuses, many schools, like the Fairfax County Public Schools, treat male students accused of sexual misconduct by female students more aggressively than it otherwise would, and more aggressively than it would treat similar complaints made by male students against female students.

39. Defendant refused to believe Doe because he is male and would have believed a female student in the same situation.

40. Doe's punishment was disproportionately severe because he was a male.

41. Defendant's disciplinary procedures are flawed and do not provide for a fair and reliable outcome. Male students at schools governed by the Board are more likely to be disciplined than female students for the same offense.

42. Here, Doe was incorrectly found responsible for violating the SR&R because he was a male student and because Defendant's policies, practices, and procedures wrongly disfavor male students, like Doe.

WHEREFORE, plaintiff prays for judgment as set forth herein.

## COUNT II
### (Violation of Doe's First Amendment rights pursuant to 42 U.S.C. § 1983)

43. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

44. The First Amendment to the United States Constitution states that "Congress shall make no law . . . abridging freedom of speech."

45. The First Amendment protections to speech apply in a high school setting.

46. Defendant violated Doe's First Amendment rights by punishing him for his speech, using a harassment policy and an improper touching policy that is unconstitutionally vague and overly broad because it prohibits conduct that creates an "offensive environment."

WHEREFORE, plaintiff prays for judgment as set forth herein.

## COUNT III
### (Violation of Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983)

47. Plaintiff incorporates by reference all paragraphs of this Complaint as though

fully set forth herein.

48. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

49. Public school students have a property and liberty interest in their education.

50. Defendant denied Doe's due process rights when it suspended him for ten days without properly notifying him of the allegations against him, without a proper hearing, conducted a biased and incomplete investigation, and held a hearing without proper notice or due process protections.

51. Defendant denied Doe's due process rights when it imposed sanctions on him without considering the exculpatory evidence that he provided.

52. Ms. Forrest demonstrated her bias when she discounted Doe's statements without any evidence. As a result of Ms. Forrest's bias, Doe never received a fair hearing.

53. Defendant's disciplinary policies in the SR&R violate due process on their face for numerous reasons, including the following:

   a. Students accused of offenses are not presumed innocent;

   b. Hearing officers do not have a standard of proof that they must meet (such as preponderance of the evidence or clear and convincing evidence) before punishing a student for violating school rules;

   c. Accused students are not given an opportunity to cross-examine their accusers or the witnesses against them, either directly or indirectly; and

d. The hearing officer does not hear the accusations against an accused student directly from a witness in a live hearing. Instead a school administrator, who presents the case against the accused student, provides a summary of the evidence against the student and vouches for the credibility of the accusers. Consequently, the hearing officer only has the ability to test the credibility of the accused and not the accusers.

54. As a result of these due process violations, Doe was suspended and then reassigned to an alternative learning center as a probationary student.

WHEREFORE, plaintiff John Doe prays that judgment be entered in his favor for:

(1) An injunction restraining defendant from (a) continuing to enforce any punishment against John Doe, and (b) noting the Hearing Officer's findings and sanctions on his academic record or transcript;

(2) Damages in an amount to be proven at trial;

(3) Attorneys' fees pursuant to 42 U.S.C. § 1988; and

(4) Costs and such further relief as is just and equitable.

DATED: January 16, 2019

Respectfully submitted,

By: _____
Jesse R. Binnall, VSB No. 79292
Harvey & Binnall, PLLC
717 King Street – Suite 300
Alexandria, VA 22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
Email: jbinnall@harveybinnall.com
*Counsel for Plaintiff*